**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

March 9, 2022

**LETTER ORDER**

Re: <u>Alintoff v. Buck III et al</u>
    Civil Action No. 22-00981 (FLW)

Dear *Pro Se* Plaintiff and Counsel:

Currently before the Court is Plaintiff Rachel Alintoff's motion seeking the appointment of *pro bono* counsel. (Docket Entry No. 4). Plaintiff requests the assistance of counsel due to her inability to afford an attorney and her lack of knowledge regarding the Federal Rules of Civil Procedure. (*Id.*) Plaintiff has attempted to obtain counsel for this matter, providing that alongside her special education advocate, she has contacted and briefed a half-dozen attorneys to take the case *pro bono*. (*Id.*) Plaintiff shares that all but one of the attorneys have declined due to various reasons. (*Id.*) Plaintiff provides no additional information regarding the attorney who did not decline her proposal. (*Id.*)

The Court has fully reviewed and considered Plaintiff's motion. In reviewing requests for *pro bono* counsel, "[d]istrict courts should consider the *Tabron* guideposts that may be relevant to any particular request for counsel, including successive requests, at the time and stage of litigation that the request is made." *Houser v. Folino*, 927 F.3d 693, 700 (3d Cir. 2019). Under *Tabron*, in deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and, if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford

counsel on his or her own behalf. *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993). Other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of *pro bono* counsel. *Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58).

On balance, when the Court considers the *Tabron* factors in conjunction with the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time, it finds that the appointment of counsel is not warranted at this time. In reaching this conclusion, the Court notes that given the infancy of the litigation, Plaintiff's Complaint was only filed on February 24, 2022 (Docket Entry No. 1.), "the factual and legal issues 'have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate.'" *Jenkins*, 2006 WL 2465414, at *1 (quoting *Chatterjee v. Philadelphia Federation of Teachers*, Nos. Civ. A. 99-4122, Civ. A. 99-4233, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000)). Further, the Court notes that in the pending Motion, Plaintiff has demonstrated an ability to adequately advocate for her concerns. The Court finds that at this stage of litigation, Plaintiff has demonstrated an ability to represent herself. (*See* Docket Entry Nos. 1; 4.) Consequently, Plaintiff's motion is denied without prejudice.

**IT IS SO ORDERED**.

s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**

**[Docket Entry No. 4 is terminated].**