**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **RACHEL ALINTOFF**, *on behalf of* **H.A.**,<br><br>Plaintiff,<br><br>v.<br><br>**MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS**, *et al.*,<br><br>Defendants. | Civil Action No. 22-981 (ZNQ) (TJB)<br><br>**OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Partial Motion to Dismiss filed by Defendants Mary Ellen Walker, Eric Harrison, Michelle Tiedemann, Marian Enny, Joan Minnuies, Frank Capone, Leonora Caminiti, Michael Donlon, Thomas Giaimo, John Little, Harmony Barry Heffernan, Jacqueline Tobacco, Kate Farley, and Deborah Wright (collectively, "Defendants"). ("Motion", ECF No. 23.) Defendants filed a Moving Brief in support of their Motion. ("Moving Br.", ECF No. 23-3.) Plaintiff Rachel Alintoff, on behalf of her child, H.A. ("Plaintiff") filed an Opposition to Defendants' Motion ("Opp'n", ECF No. 27) to which Defendants chose not to reply (ECF No. 28).

    The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendants' Partial Motion to Dismiss.

## I.    <u>BACKGROUND AND PROCEDURAL HISTORY</u>

Plaintiff initiated the instant action on July 20, 2022, by filing the original Complaint. ("Compl.", ECF No. 1.)  On July 5, 2022 the Court *sua sponte* dismissed claims against former-Defendant Judge Clark Buck on the basis of absolute judicial immunity.  (ECF No. 17.)   On October 28, 2022, Plaintiff filed an Amended Complaint—the operative Complaint in this matter. ("Am. Compl.", ECF No. 22.)  The Amended Complaint generally alleges damages arising from Defendants' violation of the Individuals with Disabilities Education Act ("IDEA").  (*See generally,* Am. Compl.)

Specifically, the Amended Complaint alleges that Plaintiff's son, H.A., was and still is a student eligible for special education and related services.  (Am. Compl. ¶ 14.)  The Administrative Law Judge, the Honorable Dean Buono, (the "ALJ") issued a decision on September 28, 2022 that, according to the Amended Complaint, "erroneously concluded H.A. no longer requires educational accommodations."  (*Id.* ¶ 13.)   "The primary issue is whether the District provided [Free Appropriate Public Education ("FAPE")] before, and after improper denial of eligibility."  (*Id.* ¶ 15.)  Plaintiff contends that "the District more than significantly impeded Plaintiff's opportunity to participate in the decision-making process regarding the provision of FAPE to H.A., and did not meet the burden of proof by providing convincing evidence of the issue."  (*Id.* ¶ 20.)   "H.A.'s depression diagnosis alone qualifies him under N.J.A.C. 6A:14 3.5 (c) (5) iv for consideration for eligibility under 'Emotional Regulation Impairment.'"  (*Id.* ¶ 26.)  Plaintiff further alleges that in order to progress through higher grades and master the skills required for continuing education, employment, and independent living, H.A. needs to vastly improve his social and emotional functioning and needs to be able to generalize these skills in both parents' homes and the community, not just in school.  (*Id.* ¶¶ 29–30.)

In coming to his decision, the ALJ "failed to properly consider psychiatrist Dr. Qureshi's testimony", as well as binding case law and statutes, and exhibited "judicial bias and prejudice." (*Id.* ¶¶ 31, 36–37, 46, 52.)   Dr. Qureshi recommended a weekly school counseling check-in, individual and family therapy counseling by a LCSW, Psy.D. or Ph.D. clinician, and a neuropsychological, occupational therapist or speech language evaluation to make academic recommendations.   (*Id.* ¶¶ 32, 35.)   Although H.A. is not currently seeing a psychotherapist, Plaintiff believes such services are required to deliver FAPE and prevent a further deterioration of H.A.'s mental health.   (*Id.* ¶¶ 33–34.)   Moreover, the ALJ's decision impeded Plaintiff's ability to participate in educational decision making because the ALJ failed to reschedule the May 21, 2022 meeting to discuss an Individualized Education Plan ("IEP") and denied FAPE.   (*Id.* ¶ 41.) Following the ALJ's decision, Plaintiff filed the instant Amended Complaint seeking a reversal of the ALJ's decision.

## II.   <u>JURISDICTION</u>

The Court has jurisdiction over Plaintiff's federal claims pursuant 28 U.S.C. § 1331.

## III.   <u>LEGAL STANDARD</u>

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quotations omitted).  Under such a standard, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Indeed, "the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

However, Rule 12(b)(6) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The complaint must include "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 234 (citation and quotations omitted); *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim. The pleading standard is not akin to a probability requirement; to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief." (citation and quotations omitted)).

In sum, under the current pleading regime, when a court considers a dismissal motion, three sequential steps must be taken: first, "it must take note of the elements the plaintiff must plead to state a claim." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quotations omitted). Next, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. (quotations omitted). Lastly, "when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. (quotations and brackets omitted).

IV.    **DISCUSSION**

The original Complaint was filed by Plaintiff, pro se.  Defendants responded with a motion to dismiss.  Upon receipt of Judge Buono's Final Decision, the Court terminated the motion to dismiss, and afforded Plaintiff and her newly hired attorney an opportunity to amend her Complaint.  Plaintiff filed an Amended Complaint, but it is not a model of clarity in a number of respects.  First among them is that it does not present discrete counts, but instead generally invokes both the IDEA and Section 504 of the Rehabilitation Act of 1973.  (Am. Compl. ¶ 6, 16.)  A second issue is that Plaintiff attaches her original pro se Complaint to her Amended Complaint and "incorporated [it] by reference." [1]  (*Id*. ¶ 1.)  The Court will treat the original Complaint as part of the Amended Complaint.

The Amended Complaint pleads violations of IDEA, the Rehabilitation Act, and—via the original Complaint—42 U.S.C. § 1983.

A.    **IDEA CLAIMS AGAINST INDIVIDUAL DEFENDANTS**

The Motion first seeks to dismiss the Amended Complaint's claims under the IDEA against Defendants (*i.e.*, all defendants other than Middletown Township Public Schools) on the basis that

---

[1] Plaintiff's incorporation by reference of her original Complaint is permissible insofar as it appears to clearly incorporate the entire original Complaint.  *See Cooper v. Nationwide Mut. Ins. Co.*, Civ. No. 02-2138, 2002 WL 31478874, at *5 (E.D. Pa. Nov. 7, 2002) (To incorporate earlier pleadings, "[t]he later pleading must adopt specific portions or all of the earlier pleading with a degree of clarity which enables the responding party to ascertain the nature and extent of the incorporation.")  Plaintiff asserts in her Amended Complaint that her decision to incorporate the original Complaint was motivated by her interest in preserving her right to appeal claims previously dismissed.  (Am. Compl. ¶¶ 2–4.)  Should Plaintiff seek to replead her claims, however, the Court encourages her to revisit this issue because she may not need to replead her dismissed claims.  The Third Circuit authority cited by Plaintiff stands for the proposition that a plaintiff may be deemed to have waived the right to appeal if she fails to replead a claim that was dismissed for failure to plead a plausible claim under Rule 12(b)(6) that has not been deemed futile, *i.e.*, a plaintiff who can replead a claim waives it if she elects not to do so.  *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 516 (3d Cir. 2007) ("We conclude that where, as here, it would not have been futile to replead dismissed claims but those claims are nevertheless omitted from an amended pleading, the right to challenge the basis for dismissal on appeal is waived.")  The only claim dismissed in this case to date was one against Judge Buck, and that dismissal was with prejudice, putting it outside the waiver concerns articulated by the Third Circuit in *Atkinson*.

IDEA does not authorize a cause of action against individuals. [2]  (Moving Br. at 4–6.)  Plaintiff's

opposition acknowledges Defendants' challenge to her IDEA claim against individual Defendants,

but does not dispute this point.  (*See* Opp. at 7–12.)  Accordingly, the Court will grant this portion

of Defendants' motion as unopposed and dismiss Plaintiff's IDEA claims against Defendants Mary

Ellen Walker, Eric Harrison, Michelle Tiedemann, Marian Enny, Joan Minnuies, Frank Capone,

Leonora Caminiti, Michael Donlon, Thomas Giaimo, John Little, Harmony Barry Heffernan,

Jacqueline Tobacco, Kate Farley, and Deborah Wright.

### B.     SECTION 1983 CLAIMS FROM ORIGINAL COMPLAINT

Defendants argue that the original Complaint fails to state a claim under § 1983 because a

plaintiff alleging IDEA violations may not assert claims under § 1983 to remedy those violations.

(Moving Br. at 7–9) (citing *A.W. v. Jersey City Public Schools*, 486 F.3d 791 (3d Cir. 2007)).

Plaintiff points out that there is a split among the Circuit Courts on this legal issue.  (Opp.

at 8.)  She also defends the adequacy of her pleading on the basis that she "has stated Constitutional

substantive due process violations in connection with the unlawful discrimination against Plaintiff

and her son which are independent Constitutional violations actionable under § 1983."[3]  (Opp. at

10–11.)  She points to no particular allegation in support of her assertion.

The Court sets aside Plaintiff's references to a Circuit split because it is bound to follow

precedential authority from the Third Circuit.  To that end, an *en banc* panel of the Third Circuit

has made it abundantly clear that, in this Circuit at least, a student cannot bring an action under

---

[2] Defendants' motion requests dismissal of "the claims against all remaining individual defendants" (Moving Br. at 4) and "all claims against the remaining individual Defendants" (Moving Br. at 6) on the basis that an IDEA claim cannot be asserted against individuals.  The Motion, however, does not apply this argument to Plaintiff's Section 504 or Section 1983 claims.  Plaintiff's opposition defends her Section 504 and Section 1983 claims against the individual defendants.  Defendants filed no reply to clarify their position.  Accordingly, the Court construes this portion of their motion to dismiss as seeking only to dismiss the IDEA claims against individual Defendants.
[3] It is not clear from Plaintiff's terse assertion whether she is insisting her pleading is adequate in her original Complaint, her Amended Complaint, or both.

§ 1983 to remedy alleged violations of the IDEA or the Rehabilitation Act, given the comprehensive remedial schemes already in place under the latter statutes.  *See A.W. v. Jersey City Public Schools*, 486 F.3d 791 (3d Cir. 2007).  In *A.W.*, the Third Circuit considered other Circuits' decisions, together with the Supreme Court's decision in *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113 (2005) that articulated new standards limiting recourse to 42 U.S.C. § 1983 as a vehicle for the vindication of federal statutory rights.  Ultimately, the *en banc* court in *A.W.* held that it

> agree[s] with the reasoning of the Courts of Appeals for the Fourth and Tenth Circuits, to say nothing of that of the Supreme Court in *Smith,* regarding the comprehensive nature of the IDEA's remedial scheme.  The holding in *Smith,* although superseded in part by the passage of § 1415(*l*) of the IDEA, was not overruled to the extent that the Court found that the IDEA provides a comprehensive remedial scheme.  Indeed, since *Smith,* the Court has continued to refer to the IDEA as an example of a statutory enforcement scheme that precludes a § 1983 remedy. *See Rancho Palos Verdes,* 544 U.S. at 121; *Blessing v. Freestone,* 520 U.S. 329, 347-48 (1997); *Wright v. Roanoke Redev. & Hous. Auth.,* 479 U.S. 418, 423-24, 427 (1987).  The IDEA includes a judicial remedy for violations of any right 'relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child.'  § 1415(b)(6).  Given this comprehensive scheme, Congress did not intend § 1983 to be available to remedy violations of the IDEA such as those alleged by A.W.

*Id.* at 803; *see also id.* at 806 (reaching same conclusion regarding Section 504).

Here, as noted above, Plaintiff's opposition to the Motion baldly asserts that she pleads Constitutional claims outside the scope of her IDEA claims without directing the Court to the relevant allegations.  The Amended Complaint itself provides no direction because it does not plead discrete counts and tends towards conclusory accusations like "unequal treatment, harassment, intimidation, and retaliation" (Am. Compl. ¶ 38) and "significantly impeded Plaintiff's critical procedural right" (Am Compl. ¶ 41). The original Complaint suffers from similar defects.  Even construed liberally, the original Complaint does not sufficiently state a claim

against the individual Defendants.  For instance, it alleges that Judge Buck's refusal to "grant . . . 'stay put' [maintaining H.A.'s educational placement] as required by federal law and state regulation" was a violation of Section 1983.  (Compl. at 4.)  In an attempt to plead allegations against the individual Defendants, the original Complaint adds that each member of the Middletown Township Board of Education "is responsible for supervising Ms. Walker, the superintendent, who in turn is responsible for the actions of Eric Harrison, the Board Attorney and Ms. Tiedemann, who is in turn responsible for supervising Ms. Enny[.]  Each of the defendants individually refused to grant or implement stay put."  (*Id.*)  The original Complaint neglects to refer to each of the individual Defendants presently named, and provides no allegations connecting the individual Defendants to Judge Buck's decision to deny the "stay put."  The original Complaint thereafter generally alleges that "the Defendants failed to investigate [a Notice of Intentional Discrimination against H.A.] and persisted in discrimination towards the Plaintiffs and continued their discrimination by denying stay put."  (Compl. at 4.)  Plaintiff concludes by baldly alleging that "each of the defendants violated Section 504 of the Rehabilitation Act of 1973, by willfully and intentionally discriminating against the plaintiffs by denying the stay put."  (*Id.*)

In short, because the Amended Complaint (with original Complaint attached) makes it impossible for the Court to discern what Section 1983 claims and Section 504 claims Plaintiff is asserting, the Court is unable to assess whether they survive the Third Circuit's restriction under *A.W.*  Accordingly, the Court will dismiss the Section 1983 and Section 504 claims of the Amended Complaint without prejudice, and give Plaintiff a third opportunity to plead her cause of action.

## V.    <u>CONCLUSION</u>

For the reasons stated above, the Court will GRANT Defendants' Partial Motion to Dismiss and dismiss without prejudice: 1) the IDEA claims against the individual defendants and 2) the

Section 1983 and the Section 504 claims in their entirety.  Plaintiff will be given thirty (30) days to file a Second Amended Complaint.  An appropriate Order will follow.

Date: **June 8, 2023**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**