Eric Harrison - ID #033381993
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Hwy, Suite 200
Edison, NJ  08817
732-248-4200
732-248-2355
harrison@methwerb.com
 Attorneys for Middletown Township Public Schools, Mary Ellen Walker, Eric Harrison, Michelle Tiedemann, Marian Enny, Joan Minnuies, Frank Capone, Leonora Caminiti, Michael Donlon, Thomas Giaimo, John Little, Harmony Barry Heffernan, Jacqueline Tobacco, Kate Farley
Our File No.  90906 ELH

| | |
|---|---|
| RACHEL ALINTOFF O/B/O H.A.<br><br>        Plaintiff,<br><br>V.<br><br>CARL V. BUCK, III, MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS, MARY ELLEN WALKER, ERIC HARRISION, MICHELLE TIEDEMANN, MARIAN ENNY, JOHN MINNUIES, FRANK CAPONE, LEONORA CAMINITI, MICHAEL DONLON, THOMAS GIAIMO, JOHN LITTLE, HARMONY BARRY HEFFERNAN, JACQUELINE TOBACCO, KATE FARLEY AND DEBORAH WRIGHT<br><br>        Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.: 3:22-CV-00981-ZNQ-TJB<br><br>Civil Action<br><br>**BRIEF IN SUPPORT OF MOTION FOR SANCTIONS** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.    THE COURT SHOULD IMPOSE SANCTIONS UPON PLAINTIFF AND HER ATTORNEY FOR THE ASSERTION AND PROSECUTION OF FRIVOLOUS CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Ford Motor Co. v. Summit Motor Prods.*,
   930 F.2d 277 (3d Cir. 1991) ......................................................................................... 6
*Korean Cmty. Church of N.J. Methodist v. Heungsun Cho,*
   2012 U.S. Dist. LEXIS 50772 (NJ Dist. 2012) ............................................................. 6
*Pensiero v. Lingle,*
   847 F.2d 90 (3d Cir. 1988) ........................................................................................... 7
*Scott v. Vantage Corp.*,
   64 F.4th 462 (3d Cir. 2023) .......................................................................................... 6

Statutes

42 U.S.C. Sec. 1983 ............................................................................................... 2, 4, 6, 7

Rules

F.R.CIV.P. 11 ................................................................................................................ passim
Fed. R. Civ. P. 11(b)(1)-(4) ................................................................................................. 5
Fed. R. Civ. P. 11(c)(1) ................................................................................................... 5, 6
Federal Rule of Civil Procedure Rule 11(b) ....................................................................... 5
Federal Rule of Civil Procedure Rule 11(c) ....................................................................... 5

**Factual Background**

Pursuant to Federal Rule of Civil Procedure 11, the Defendants hereby move for sanctions against Plaintiff Rachel Alintoff and her attorney, Kenneth Rosselini, for the filing and prosecution of frivolous claims that the Court has previously dismissed for failure to state a claim upon which relief can be granted.

The dispute between the parties commenced with the Plaintiff filing a due process petition on behalf of her child, H.A., under the Individuals with Disabilities in Education Act (IDEA). Plaintiff challenged the determination of the Middletown School District that H.A., who was previously classified under the IDEA as eligible for special education and related services, no longer required such services and should be declassified. The New Jersey Department of Education transmitted the due process petition to the Office of Administrative Law, where Administrative Law Judge Dean Buono, as IDEA local hearing officer, issued a final decision in favor of the District. (Docket No. 20-1) That decision, which Plaintiff has timely appealed through the Amended Complaint, is not at issue in this motion.

In February 2022, prior to Judge Buono's issuance of the Final Decision, Plaintiff filed a Complaint in this Court against Administrative Law Judge Carl Buck (to whom the due process petition originally was assigned), the Middletown School District, its Superintendent, several of its employees, its attorney, and every one of its Board members. The original Complaint sought economic and non-economic damages pursuant to the federal Civil

1

Rights Act (42 U.S.C. Sec. 1983), the Rehabilitation Act and the Individuals with Disabilities in Education Act. (Documents 14, 22 at p. 18)

Shortly upon receiving service of the original Complaint, counsel for the Defendants sent Plaintiff a "safe harbor" letter pursuant to Rule 11, advising that if she did not withdraw the Complaint within 20 days, the Defendants would seek dismissal of the claims against them and thereafter pursue sanctions for the filing of frivolous claims. (**Exhibit 2**)

Two months later, having received no response, the Defendants filed a motion to dismiss the Complaint for failure to state a claim.  (Document 7)

Plaintiff retained attorney Kenneth Rosellini, who opposed the motion to dismiss. (Document 18)

Before the Court could decide the original motion to dismiss, the due process hearing concluded and ALJ Buono issued a Final Decision in favor of the District.  Counsel for Defendants sent a copy to the Court via letter of September 28, 2022.  (Document 20)

On October 7, 2022 this Court entered the following Order:

Based on the issuance of ALJ Buck's final administrative decision, the Court directs Plaintiff to amend her petition within 21 days from the date of this Text Order. Defendants may move to dismiss the Amended Petition within 30 days from the date the Amended Petition is filed. The pending Motion to Dismiss is terminated; however, Defendants may raise any grounds for dismissal, including those raised in the pending motion to dismiss, in response to the Amended Petition.

(Document 21)

On October 28, 2022, the Plaintiff filed an Amended Complaint containing a single count seeking to appeal ALJ Buono's Final Decision under the IDEA and attaching the original Complaint, announcing through a heading:

**ORIGINAL COMPLAINT INCORPORATED BY REFERENCE AND ATTACHED HERETO AS EXHIBIT A**

(Document 22; Exhibit A)

On the following day, defense counsel emailed Plaintiff's counsel with a copy of the Amended Complaint and prior "safe harbor" letter attached, inquiring into his intentions:

> The attached Amended Complaint you filed yesterday contains a single count against the Middletown School District appealing from Judge Buono's Final Decision. While I read your legal justification in the Amended Complaint for attaching the original Complaint and not changing the caption to remove Judge Buck, that justification does not appear to apply to the Defendants against whom your prior claims were never dismissed. That includes myself and all of the other individually named Defendants.
>
> Is it Plaintiff's intention to prosecute before Judge Wolfson the claims against all Defendants with the exception of Judge Buck? If not, please identify the Defendants Plaintiff intends to release from the case and I will send you a stipulation of dismissal. If so, please advise in reply to this email so I will know how to proceed in response to the Amended Complaint.

(Harrison email to Rosellini, **Exhibit 4**)

Having received no response from Mr. Rosellini, the Defendants filed a motion to dismiss all claims against all defendants other than the IDEA claim against the Middletown School District. (Docket No. 23) Plaintiff opposed the motion. (Document 27)

5

On June 8, 2023 the Court issued an Order and Opinion granting the motion to dismiss in its entirety, affording Plaintiff 30 days within which to file a Second Amended Complaint. (Documents 30, 31)

The Plaintiff did not file a Second Amended Complaint within 30 days of the Order permitting her to do so. As such, she has effectively abandoned her effort to assert claims against the individual Defendants and has effectively abandoned her efforts to pursue relief under 42 U.S.C.A. 1983 or the Rehabilitation Act.

The Defendants incurred precisely $7,699.50 in counsel fees in defense of the frivolous claims. (Affidavit of Eric Harrison, paras. 8-11; Invoices at **Exhibit 5**) Accordingly, pursuant to Federal Rule of Civil Procedure 11, the Defendants hereby move for Rule 11 sanctions in the form of an order compelling Plaintiff Rachel Alintoff and Kenneth Rosellini, Esq. to reimburse them for counsel fees totalling $7,699.50.

**LEGAL ARGUMENT**

**I.   THE COURT SHOULD IMPOSE SANCTIONS UPON PLAINTIFF AND HER ATTORNEY FOR THE ASSERTION AND PROSECUTION OF FRIVOLOUS CLAIMS**

Federal Rule of Civil Procedure Rule 11(b) provides that "by presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

1. it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2. the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

3. the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

See Fed. R. Civ. P. 11(b)(1)-(4).

Federal Rule of Civil Procedure Rule 11(c) provides that:

1. In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

See Fed. R. Civ. P. 11(c)(1).

As such, if any party violates Rule 11, the court may impose sanctions on the attorney, law firm, or party that is in violation of Rule 11. *Scott v. Vantage Corp.*, 64 F.4th 462, 467 (3d Cir. 2023) (citing Fed. R. Civ. P. 11(c)(1)). "While Rule 11 sanctions are generally imposed on the attorney, under certain circumstances, it may be appropriate to impose sanctions on the client." *Korean Cmty. Church of N.J. Methodist v. Heungsun Cho*, 2012 U.S. Dist. LEXIS 50772 at *5 (NJ Dist. 2012). The governing standard is reasonableness under the circumstances. *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 289 (3d Cir. 1991).

The circumstances of this case demonstrate that Plaintiff Rachel Alintoff and her attorney, Mr. Rosellini, were unreasonable in the assertion and prosecution of the dismissed claims. Both received the requisite warnings that the claims were frivolous and neither responded to such warnings.

Initially, neither the original Complaint nor the Amended Complaint asserted a single fact supporting a claim against any of the individual defendants. Mr. Rosellini's opposition to the motion to dismiss essentially ignored the fact that his client had sued 14 individuals, and he did not present a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law, in support of a claim against any one of them.

Secondly, neither the original Complaint nor the Amended Complaint asserted a single fact supporting a claim for damages under either 42 U.S.C.

6

1983 or the Rehabilitation Act. Nor did Mr. Rosellini's opposition to the motion to dismiss present a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law, in support of a claim under 42 U.S.C. 1983 or the Rehabilitation Act.

The Third Circuit has stressed that Rule 11 sanctions should be imposed to penalize the assertion of frivolous claims and irresponsible lawyering, not to address the strength or merits of a claim. *Pensiero v. Lingle*, 847 F.2d 90, 94-95 (3d Cir. 1988)). Plaintiff Alintoff asserted frivolous claims, ignored correspondence her alerting her to this fact, and then retained an attorney who compounded the damage by simply attaching her frivolous claims to the sole claim he drafted, announcing that the frivolous claims were "incorporated by reference." Like his client, he ignored the good faith correspondence of defense counsel, in which counsel sought clarification and provided him with an opportunity to abandon the frivolous claims. He did not respond to the correspondence and submitted an opposition to the motion to dismiss which failed to address all of the frivolous claims against the individual defendants and failed to assert a non-frivolous argument for extension or change in the law as to the sole proper defendant, the Middletown School District.

The Defendants have clearly and ethically demonstrated the precise sum of counsel fees incurred in pursuit of dismissal of the frivolous claims. Accordingly, both the letter and spirit of Rule 11 support the imposition of sanctions in the form of an Order compelling the Plaintiff and her attorney

7

to reimburse Defendants the sum of $7,699.50 on account of the filing and prosecution of frivolous claims.

|  |  |
|---|---|
|  | **METHFESSEL & WERBEL, ESQS.**<br>Attorneys for Middletown Township Public Schools, Mary Ellen Walker, Eric Harrison, Michelle Tiedemann, Marian Enny, Joan Minnuies, Frank Capone, Leonora Caminiti, Michael Donlon, Thomas Giaimo, John Little, Harmony Barry Heffernan, Jacqueline Tobacco, Kate Farley |
| DATED: July 18, 203 | By:_____<br>　　　　Eric Harrison |

8